■ ELIZABETH EGNOTO, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 32161.) — Judgment unanimously affirmed, without costs of this appeal to either party. Certain findings of fact reversed and new findings made. Memorandum: For the reasons given in the companion case (*Stornelli* v. *State of New York,* 11 A D 2d 1088), the judgment in this case should rest upon a finding that there was no negligence on the part of the State, as well as upon the finding that the claimant's damages had been fully paid by the owner of the other vehicle involved in the accident. (Appeal from judgment of Court of Claims dismissing claimant's claim.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

■ In the Matter of the Estate of ALBERT VAN ORMAN, Deceased. ELIZABETH VAN ORMAN et al., as Administrators of the Estate of ALBERT VAN ORMAN, Deceased, Appellants; HATTIE BERGEMAN et al., Respondents.— Order unanimously reversed on the law and facts, without costs of this appeal to any party, and matter remitted to the Surrogate's Court for the entry of a decree in accordance with the memorandum, adjudging that the amount in the joint bank account in question belongs to the estate. Memorandum: The finding by the Surrogate that Hattie Bergeman, respondent, is the owner and entitled to possession of the bank account in question, is contrary to, and against the weight of, the evidence. We find that said bank account was the sole property of the intestate at the time of his death and that the purported transfer thereof into a joint account of himself and the respondent was invalid and ineffective, because of his lack of mental capacity at the time of such alleged transfer. The order appealed from must be reversed and judgment awarded in favor of the administrators. (Appeal from order of Genesee Surrogate's Court adjudging respondent to be owner of the bank account in question and dismissing the proceeding.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.